JANET A. O'LEAR, Plaintiff, v. PATRICIA A. STRUCKER, Executrix of the Estate of Helen M. Rush, Defendant.

*(April* 30, 1965)

LYNCH, J. sitting.

*David N. Williams* (Berl, Potter & Anderson), for plaintiff.

*Alfred M. Isaacs* (Flanzer & Isaacs), for defendant.

Superior Court of Delaware for New Castle County, No. 595 Civil Action, 1964.

LYNCH, Judge:

This action, commenced November 4, 1964, by the plaintiff to recover damages for personal injuries and property damage, allegedly sustained, results from a collision between[2] automobiles, one operated by plaintiff and the other by one Helen M. Rush. Helen M. Rush died on March 14, 1964, and Patricia A. Strucker, defendant herein, was appointed as Executrix of her Estate on May 9, 1964.

[2]Green Adm. v. Loper, 6 Terry 117, 125, 67 A.2d 856, 859 (Super. Ct. 1949) considers when a cause of action for personal injuries accrues so that the defense of limitations of actions becomes effective if suit filed after expiration of the statutory period.

Paragraph 4 of the complaint alleged that the event giving rise to the accrual of the action occurred on July 16, 1962. The complaint is dated November 4, 1964[3] and the official filing stamp of the Office of the Prothonotary for New Castle County shows the complaint was filed on that date. A computation of the time from the date of the occurrence of the alleged acts of negligence to the filing date of the complaint indicates that more than two years had elapsed after the accident, before suit was commenced.

On November 27, 1964 defendant filed an answer to the complaint, setting forth the following affirmative defense, designated as "FIRST AFFIRMATIVE DEFENSE":

"8.    The alleged cause of action set forth in the Complaint did not accrue within two years next before the commencement of this action and same is, therefore, barred by Sec. 8118, Title 10 and Sec. 8106(a), Title 10, and other appropriate sections of Title 10, *Del. Code. Ann.*"

A prior suit — Civil Action No. 372, 1964 — had been commenced by the plaintiff on June 29, 1964. Neither the plaintiff, nor her counsel, knew at that time that Helen M. Rush had died four months earlier on March 14, 1964 and that Patricia A. Strucker was appointed as her Executrix on May 6, 1964. Seeking to justify the late filing of the action, plaintiff's counsel sought to substitute the Executrix as party defendant and by affidavit to show in the first suit that only one week before filing that action, plaintiff's attorney had discussed Mrs. O'Lear's claim against Helen M. Rush with Mr. O'Donnell, a representative of her insurer, Reliance Insurance Co. Plaintiff's attorney stated in the affidavit that Mr. O'Donnell was familiar with the claim because he had been handling it for the insurer, and plaintiff's attorney said Mr. O'Donnell did not mention when they had had the discussion the fact that Mrs. Rush was dead. When no

---

[3]As noted, post, p. 757, actions to recover for personal injuries must be commenced within 2 years of date "of accruing of the cause of action;" similarly actions to recover for damages to personal property are subject to a 2-year statute of limitations, 10 *Del. C.* Sec. 8106A.

settlement was reached, the plaintiff's attorney informed Mr. O'Donnell that he was going to file suit against Mrs. Rush to avoid having the action barred by the statute of limitations. Mr. O'Donnell conceded that that was the best thing to do in light of the small reserve he had set aside to cover the claim.

When the writ of summons, issued in the first suit, was returned by the Sheriff's Office on July 21, 1964, marked "mortuus est," plaintiff's attorney then went to the Office of the Register of Wills and learned that Helen M. Rush had died on March 14, 1964 and that Patricia A. Strucker had been appointed as Executrix of her last will on May 6, 1964.

Plaintiff's attorney presented a motion on August 3, 1964 for substitution of the Executrix as the defendant in this first suit, together with an order. The order of substitution was signed and entered on that day, substituting Patricia A. Strucker, Executrix for Helen M. Rush. The court was not aware of the situation which led to its presentation.

A copy of the motion to substitute a party, together with a copy of the order of substitution and complaint were thereafter served upon the said Executrix. The attorney for Executrix then filed a notice of motion and motion to dismiss the complaint. The motion to dismiss was argued and after argument the motion was granted October 30, 1964. The order was signed November 27, 1964; it specifically provided dismissal of the cause "was without prejudice to the plaintiff."

On November 4, the plaintiff commenced the present action. The same complaint as had been filed in the first suit was filed and it was based on the same cause of action as alleged in the first suit, except that Patricia A. Strucker, Executrix of the Estate of Helen M. Rush was named as defendant. Defendant answered the complaint on November 27, 1964 asserting the affirmative defense that the plaintiff's action was barred by the lapse of the statute of limitations. Defendant now moves to dismiss based on this defense.

In the affidavits filed by plaintiff's attorney and Mr. O'Donnell,

no more is set up than the conversation between them — which apparently took place about a week before plaintiff commenced her first action. Mr. O'Donnell states in his affidavit:

"* * *.

"3. That, he was not the Adjuster on behalf [of Reliance] Insurance Company who made the initial investigation and contact with Helen M. Rush with regard to her connection with the accident;

"4. That, he never spoke to nor had any direct contact with Helen M. Rush, nor had he ever attempted to contact her for any purpose;

"5. That, he did not know that Helen M. Rush had died until after the Complaint in Civil Action No. 372, 1964 was served upon the Executrux of the Estate of Helen M. Rush; and

"6. That, the conversation to which Mr. Williams refers in his Affidavit in opposition to the Motion to Dismiss, took place June 29, 1964 and not a week prior thereto."

From a study of the affidavits there appears to be no genuine issue of any material fact; true there is some dispute as to date when the conversation between plaintiff's attorney and Mr. O'Donnell, the adjuster, took place, but I give no significance thereto. Only a legal question is involved.

Defendant contends that plaintiff's action is barred by Title 10 *Del. C.* Secs. 8106A and 8118.

Sections 8106A and 8118, Title 10 *Del. C.,* provide:

"8106A. *Actions subject to two-year limitation.*

"No action to recover damages for wrongful death or for injury to personal property shall be brought after the expiration of 2 years

from the accruing of the cause of such action.

"* * *.

"Sec. 8118. *Personal injuries.*

"No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained."

Section 8118 of Title 10 *Del. C.* refers explicitly to a two-year limitation period, and it very clearly states that "No action * * * shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained."

Plaintiff cites Title 10 *Del. C.* Sec. 8117(a) and argues it is applicable and that it operates to permit the present action to stand, although the action was seemingly filed after the two-year statute of limitations had run, and so there is no reason for dismissal of the action. The cited section, so far as pertinent, reads:

"Sec. 8117. *Other savings.*

"(a) If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; * * * a new action may be commenced, for the same cause of action, at any time within 1 year after the abatement or other determination of the original action, * *."

*Bishop v. Wilds' Adm'r.,* 1 Har. 87; *Bros. v. Wilkins* (Super. Ct. 1832); *Bros. v. Wilkins* 11 Terry 475, 134 A.2d 636 (Super. Ct. 1957); *Giles v. Rodolico,* 1 Storey 143, 140 A.2d 263 (Super. Ct. 1958);

*Whetsel v. Gosnell,* 193 A.2d 200 (Super. Ct. 1963) aff'd. 198 A.2d 924 (Sup. Ct. 1964) and *Vari v. Food Fair Stores,* New Castle, Inc., 199 A.2d 116 (Super. Ct. 1964) have considered and construed this statute; and see *Wilt v. Smack,* 147 F.Supp. 700 (U. S. Dist. Ct. 1956) which also construed the statute.

In 1832, this court in *Bishop v. Wilds' Adm'r.* said (1 Harr. 98):

"The design of our acts of limitation is to close our courts against those who sleep on their rights, and neglect to prosecute them in a reasonable time; this neglect is to be taken as evidence of the debt being paid or released. *If, however, the party does not allow his claim to sleep, but prosecutes it within the time prescribed, this presumption does not arise; he may fail in his suit, but his conduct has rebutted the legal presumption.* The general design of the legislature in enacting the 10th section of the act of 1829,[4] was to protect the rights of all those who had prosecuted their actions within the time limited for bringing such actions, and upon a reversal of a judgment in any action, to give the party a right to renew it within a year from such reversal. *The words are general and without exception, where the first action was not barred by that act at the time of bringing it. * * *."* (Emphasis supplied)

Title 10 *Del. C.* Sec. 8117(a) somewhat awkwardly states its purpose but analysis of the internal language found within the section shows that the saving language is applicable only when there has been a suit filed within the statutory period. If that has occurred and something operates to interfere with maintenance of the suit the plaintiff is given an extra year within which to file the second suit.

The Supreme Judicial Court of Massachusetts said in *Chandler v. Dunlop,* 311 Mass. 1, 39 N.E.2d 969, 973 (1942)—a case where defendant was not alive at the time an action against him was commenced and his attorney was unaware of his death but had entered

---

[4]This in effect is what we now know as Title 10 *Del. C.* Sec. 8117(a).

an appearance for the deceased defendant:

"No action was brought at the date of the writ. The only person therein named as defendant was dead. Though the cause of action survived his death, obviously he could not be sued thereon after his death. The action was, in truth, brought against nobody, the purported service upon the person named in the writ as defendant at 'his last and usual place of abode' was a nullity, and the appearance and answer in the Municipal Court purporting to be in his behalf by his attorney could not bring him into court as a defendant. * * *. Such attorney could have had no authority to appear and answer for him, since, of course, such authority ended with his death. * * *.

"The action might have been brought against the administratrix of the person named in the writ as defendant. * * *. However, she was not so named, nor was she served. Whether the administratrix, though not named in the writ as defendant, by appearing generally or answering to the merits would have lost the right to object to lack of proper service or to the maintenance of the action against her as defendant, need not be considered. She did not so appear or answer. The attorney 'provided' by 'the insurer of the automobile belonging to the intestate' 'appeared and answered in said action on behalf of the intestate, in ignorance of the fact that he was * * * dead.' This attorney, being ignorant of the fact of the intestate's death, could not have intended to appear and answer for the administratrix. Such appearance and answer could confer no jurisdiction over the administratrix, * * . Nor could the so called 'defendant's motion for leave to withdraw' — a motion to withdraw his appearance and answer and to file a 'plea in abatement' Late — or the 'plea in abatement,' each purporting to be filed by the person named as defendant in the writ 'By his Attorney,' though, of course, unauthorized by him. These pleadings did not purport to be filed in behalf of the administratrix.

"This action cannot be prosecuted against the administratrix unless by reason of the amendments to the writ and declaration naming the administratrix as defendant, the order for the service of process upon her, and such service 'in hand.' Since the person originally named

as defendant had died before, on any view of the law, the action was commenced, G.L. (Ter. Ed.) c. 228, Secs. 4 and 5, as amended, are inapplicable. The provisions of these statutes 'are restricted to cases where a party dies after the commencement of an action.' * * *.

"The plaintiff's difficulty, however, is that no 'suit was seasonably brought upon the cause of action.' The burden of showing that the action was seasonably brought was on the plaintiff. * * *. The date of the original writ was within the period in which an action could have been brought against the administratrix. * * *, no action was commenced on the date of the original writ or at any later time within the statutory period for bringing such an action. Prima facie, an action at law is commenced at the date of the writ. However, an 'action at law by which the statute of limitations is tolled, although deemed prima facie to have been commenced on the date of the writ, must be served under the law within a comparatively brief time. It is not enough that a writ be filled out and filed in court. That would not be the commencement of an action at law.' * * *.

"The plaintiff in the present case, in effect, did nothing more than fill out the writ in the name of a dead man as defendant and file it in court. As we have said already, the writ as against the person named therein as defendant was a nullity as was the attempt at service thereof. No action was thereby commenced against the defendant named therein. * * *."

■ Title 10 *Del. C.* Sec. 8117(a) is, by its very language, applicable only if an action is duly commenced within the time fixed by the applicable statute of limitations. When an "action" has been "duly commenced," and—

1. the "writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed;"

or

2. *If* the writ is abated, or *the action* otherwise avoided or [*is*] *defeated by the death of any party thereto.* * * *." (Emphasis supplied)

then under either of such alternatives "a new action may be commenced, * * *, at any time within 1 year after the abatement or other determination of the original action, * * *." It is a *sine qua non* to the right of a person to invoke the provisions of 10 *Del. C.* Sec. 8117(a) that a valid action had been commenced before the tolling of the period of limitations, see *Chandler v. Dunlop,* supra, and *Bishop v. Wilds' Adm'r.,* supra. Such action must be pending at the time of the happening of any one of the exceptions specified in the statute, in order to make 10 *Del. C.* Sec. 8117 (a) applicable. Merely filing a complaint, either prior or subsequent to the expiration of the period of limitations is not enough. The plaintiff cannot attain his object by urging "liberal interpretation" of the statute. As stated, the statute is somewhat awkwardly phrased but its purpose and application are clear on analysis, and it applies here as expressly stated.

I fully agree with the thinking expressed in *Vari v. Food Fair Stores,* New Castle, Inc., 199 A.2d at 119:

"* * *. While liberality of approach in the construction of these statutes is recommended, an exception should not be read into a statute which does not, in fact, exist expressly or by inference. *Patterson v. Vincent,* 5 Terry 442, 61 A.2d 416, 418. Liberality of construction is not an absolute tool where the difference is one of kind and not degree. * * *."

Under the case as presented I have no alternative but to give defendant the relief she seeks. I treat her motion to dismiss as a motion for summary judgment, in light of the affidavits filed in the case. The motion is granted and the suit is dismissed.

Order accordingly on notice.