526 P.2d 1304

Drury E. MERCER and Irma Mercer,
Plaintiffs-Appellants,

v.

Rachel MORGAN, Defendant-Appellee.

Drury E. MERCER and Irma Mercer, his
wife, Plaintiffs-Appellants,

v.

Bill G. PAYNE, Administrator of the Estate
of Rachel Morgan, Deceased,
Defendant-Appellee.

Nos. 1289 and 1317.

Court of Appeals of New Mexico.

Sept. 11, 1974.

Joe H. Galvan, Las Cruces, Richard A.
Parsons, Ruidoso, for plaintiffs-appellants.

Russell D. Mann, John W. Bassett, Jr., Atwood, Malone, Mann & Cooter, Roswell, for defendant-appellee.

## OPINION

LOPEZ, Judge.

These appeals question whether the filing of a complaint against a personal representative after the statute of limitations has expired, relates back to the original complaint filed against his decedent prior to the running of the statute.

The court below granted summary judgment in No. 1289 and dismissal in No. 1317, both in favor of the defendants. Plaintiffs appeal. We affirm.

*No. 1289*

The original complaint arose out of an auto accident involving plaintiffs and defendant Rachel Morgan. The accident occurred August 27, 1968. The complaint in No. 1289 was filed August 24, 1971 against defendant Morgan, who had died July 12, 1971.

The statute of limitation for injuries to the person is three years. Section 23–1–8, N.M.S.A. 1953 (Vol. 5). To be valid, this action must have been commenced by August 27, 1971.

■ We follow the general rule that a suit brought against a defendant who is already deceased is a nullity and of no legal effect. Annot. 8 A.L.R.2d 6, 118 (1949), states:

" . . . where an action is brought against a defendant who is dead or nonexistent the complaint may not be amended, after the period of the statute of limitation has expired, so as to bring in a defendant having the capacity to be sued."

Reed v. Long, 122 Ill.App.2d 295, 259 N.E.2d 411 (1970); Burket v. Aldridge, 241 Md. 423, 216 A.2d 910 (1966); O'Lear v. Strucker, 58 Del. 358, 209 A.2d 755 (1965); Chorney v. Callahan, 135 F.Supp. 35 (D.Mass.1955); Chandler v. Dunlop, 311 Mass. 1, 39 N.E.2d 969 (1942); Thompson v. Peck, 320 Pa. 27, 181 A. 597 (1935).

■ The plaintiffs argue that the filing of the complaint against the decedent, after her death, was sufficient to toll the statute. We cannot agree. In re Matson's Estate, 50 N.M. 155, 173 P.2d 484, 174 A.L.R. 1415 (1946), states:

" . . . statutes of limitation are not interrupted or tolled by reason of the death of a party to a cause of action . . . . "

A personal representative of the estate of Rachel Morgan was appointed on October 7, 1971. Thereafter plaintiff moved to amend the complaint to make the personal representative a defendant in the cause and the trial court ordered the personal representative substituted as a party. On December 4, 1971, the representative accepted service of a copy of the complaint in No. 1289. The representative pled the statute of limitations and summary judgment was granted.

The plaintiffs allege that under Rule 15(c) of the New Mexico Rules of Civil Procedure, § 21–1–1(15)(c), N.M.S.A. 1953 (Repl. Vol. 4), the substitution of the representative relates back to the filing of the original complaint:

"(c) *Relation back of amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

We disagree with plaintiffs. The original action was a nullity because brought against a deceased person. There was no pending action to which relation back could apply. The amendment naming the personal representative as a defendant was a new action. This new action occurred after the statute of limitations had run. Moul v. Pace, 261 F.Supp. 616 (D. Md.1966); Chorney v. Callahan, supra; Burket v. Aldridge, supra.

Further, an amendment changing parties relates back only if the new party had the notice provided by § 21–1–1(15)(c), supra, "within the period provided by law for commencing the action against him." The policy of Rule 15(c) would be entirely frustrated were the representative in this case deemed to be on notice of the filing of the complaint prior to the running of the statute, that is, prior to his appointment. The personal representative of a tort-feasor should be put in no worse position as to defending stale claims than the tort-feasor, had he lived. Rule 15(c) evidences legislative intent to allow amendment only within the boundaries of due notice and the present statute of limitations. The trial court properly granted summary judgment in No. 1289.

*No. 1317*

Plaintiffs filed No. 1317 against the personal representative after summary judgment had been rendered in No. 1289. The complaint in No. 1317 alleged that it was a continuation of the suit against Rachel Morgan. Defendant's motion to dismiss was granted. Plaintiffs argue that this action is a valid continuation suit under § 23–1–14, N.M.S.A. 1953 (Vol. 5):

" . . . If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six [6] months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."

Section 23–1–14, supra, requires an action to have been commenced before its provisions apply. We have held that the suit against Rachel Morgan was a nullity because brought against a deceased person. There having been no "first action," No. 1317 was not a second suit and the continuation provision of § 23–1–14, supra, did not apply. O'Lear v. Strucker, supra; see Murphy v. Board of Supervisors, 205 Iowa 256, 215 N.W. 744 (1927).

Consequently, we hold the continuation suit filed by appellants in No. 1317 to be invalid, and we affirm the order to dismiss.

For the foregoing reasons, the appeals of the summary judgment in No. 1289 and the order to dismiss in No. 1317 are affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.