704 P.2d 428

The REGENTS OF the UNIVERSITY OF NEW MEXICO, operating as the University of New Mexico Medical Center, and Dr. Willis Kephart, Petitioners,

v.

LaVerne ARMIJO, individually and next friend and personal representative of Raymundo Armijo, her deceased infant son, Respondent.

No. 15711.

Supreme Court of New Mexico.

June 11, 1985.

Rodey, Dickason, Sloan, Akin & Robb, Travis R. Collier, Albuquerque, for petitioners.

Dennis F. Armijo, Farmington, for respondent.

## OPINION

FEDERICI, Chief Justice.

LaVerne Armijo (plaintiff) brought this action against the Regents of the University of New Mexico and Dr. Willis Kephart (defendants), alleging medical malpractice, misrepresentation, and fraudulent concealment. Her claims arise from circumstances surrounding the birth and death of her infant son. Suit was brought on behalf of the infant, for his pain, suffering, and loss of life and on behalf of plaintiff, for her own pain, suffering, and loss of the companionship of her son. The trial court concluded that the suit was barred by the applicable statute of limitations and granted summary judgment in favor of defendants. Plaintiff appealed to the Court of Appeals. The Court of Appeals reversed the trial court on the infant's cause of action and affirmed on the plaintiff's cause of action. We granted both plaintiff's and defendants' petitions for writ of certiorari. We subsequently quashed plaintiff's petition as having been improvidently granted, 704 P.2d 431. In this opinion we review only the question raised in defendants' petition concerning the infant's cause of action. We reverse the Court of Appeals and affirm the trial court on this issue only.

The issue we review is whether the Court of Appeals erred in determining that an adult personal representative of a deceased minor could invoke the minority tolling provision of NMSA 1978, Section 41–4–15(A) (Repl.Pamp.1982).

This action was filed approximately three and one-half years after the death of the infant. Because plaintiff's infant was born and died at the University of New Mexico Medical Center, a governmental entity, the parties agree that the statute of limitations of the New Mexico Tort Claims Act, NMSA 1978, §§ 41–4–1 to –27 (Repl.Pamp.1982) governs. This statute provides that: ·

A. Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death, *except that a minor under the full age of seven years shall have until his ninth birthday in which to file.* This subsection applies to all persons regardless of minority or other legal disability.

§ 41–4–15(A) (emphasis added).

In reversing the trial court, the Court of Appeals reasoned that the minority exception in the statute applied to the infant's cause of action and that this exception allowed the personal representative to file suit on the infant's behalf any time prior to the date on which the child would have been nine years of age, had he lived. The Court of Appeals determined that because the minority exception to the statute immediately follows the clause "injury or death," the exception is equally applicable to either occurrence. The Court of Appeals cited the plain meaning rule of construction as supporting its interpretation. We disagree with this interpretation.

Generally the right of action is favored over the right of limitation. Exceptions, however, to statutes of limitations are strictly construed in New Mexico. *Slade v. Slade,* 81 N.M. 462, 468 P.2d 627 (1970). In construing a statute, this Court must attempt to ascertain the intent of the Legislature and should interpret words used according to their plain, literal meaning, provided such an interpretation does not result in injustice, absurdity, or contradiction. *Atencio v. Board of Education,* 99 N.M. 168, 655 P.2d 1012 (1982). Statutes should be construed so as to avoid illogical results. *State ex rel. Valles v. Brown,* 97 N.M. 327, 639 P.2d 1181 (1981).

█ Although the minority exception in the statute is ambiguous, it is our opinion that the Legislature intended to allow only *living* minors under the age of seven years additional time in which to prosecute actions for loss or injury. We believe this to be the most logical interpretation. That the statute gives a minor under age seven "until his ninth birthday in which to file"

presupposes that the child is living at the time his cause of action accrues and is potentially able to reach his ninth birthday. To convert the two-year limitations period of the Tort Claims Act into a possible nine-year limitations period for any wrongful death claim of a minor would significantly broaden this statute and undermine the Legislature's intent to establish a measure of repose and to protect to some extent the State's financial resources from stale claims.

■ Minority savings clauses are enacted to allow time for the full scope of a child's injury to become apparent, to enable the child to become competent to testify, or to allow the child to act for himself after the disability has been removed, *Slade v. Slade.* Clearly, none of these reasons are applicable when the minor dies. In fact, death usually terminates a legal disability. *See, e.g., Roberson v. Teel,* 20 Ariz.App. 439, 513 P.2d 977 (1973) (tolling of statute of limitations ends upon death of incompetent); *In re Hoenig's Estate,* 230 Iowa 718, 298 N.W. 887 (1941) (disability on account of minority terminated by minor's death); *Fletcher v. Holcomb,* 142 Kan. 177, 45 P.2d 1053· (1935) (incompetent's disability removed by his death); *Martin v. Goodman,* 126 Okl. 34, 258 P. 871 (1927) (disability of minor to sue terminates at death of minor). *Cf. Kilkenny v. Kenney,* 68 N.M. 266, 361 P.2d 149 (1961) (suit brought under Wrongful Death Act for injury resulting in death is not tolled for incompetency). When the term of minority ends either by the death of the minor or by the minor attaining the specified age, so too must end the applicability of the minority savings clause of Section 41–4–15(A), and the statute commences to run at that time.

■ The minority of a decedent, who can be neither a proper party nor a beneficiary in a wrongful death action, should not effect the cause of action or inure to the benefit of an adult personal representative who is under no legal disability. *See Dominguez v. Rogers,* 100 N.M. 605, 673 P.2d 1338 (Ct.App.), *cert. denied,* 100 N.M. 689, 675 P.2d 421 (1983) (wrongful death action must be brought by personal representative on behalf of the statutory beneficiaries); *Mercer v. Morgan,* 86 N.M. 711, 526 P.2d 1304 (Ct.App.1974) (suit brought against a defendant who is deceased, is a nullity).

■ In the present case, the *infant's* cause of action was tolled at the time of his birth which was also the time of the alleged injury. The statute commenced to run again on the date of his death, two days later, because death terminated his minority disability. The personal representative had two years from the infant's death in which to file the present action. Because it was filed more than three years after the infant's death, it is barred. The tolling provision may not thereafter inure to the benefit of the minor's personal representative.

The Opinion of the Court of Appeals is reversed on this issue only, and the trial court's summary judgment on the infant's cause of action is affirmed. The entire opinion of the Court of Appeals shall be published.

IT IS SO ORDERED.

RIORDAN and STOWERS, JJ., concur.

SOSA, Senior Justice and WALTERS, J., dissenting.

SOSA, Senior Justice, WALTERS, Justice, dissenting.

We cannot concur with the majority opinion.

This opinion would force parents to file malpractice actions within the two-year statutory period without full knowledge of the possible negligence visited on their children. Parents should not be required to file premature lawsuits on behalf of their children.

We hereby adopt the Court of Appeals opinion as our own and ask that it be published in its entirety.