711 P.2d 883

**Antonio and Cipriana CHAVEZ, the parents and surviving heirs and representatives of Sandra Diane Chavez, an unmarried minor, deceased, Petitioners,**

v.

**REGENTS OF the UNIVERSITY OF NEW MEXICO, as trustees of the University of New Mexico Hospital, Respondents.**

**No. 15959.**

Supreme Court of New Mexico.

Dec. 12, 1985.

William S. Ferguson, Albuquerque, for petitioners.

Rodey, Dickason, Sloan, Akin & Robb, W. Robert Lasater, Jr., Ellen C. Thorne, Albuquerque, for respondents.

## OPINION

FEDERICI, Chief Justice.

Antonio and Cipriana Chavez (plaintiffs) brought suit under the Tort Claims Act, NMSA 1978, Sections 41–4–1 to –27 (Repl. Pamp.1982 and Cum.Supp.1985) against the Regents of the University of New Mexico (defendants), as trustees of the University of New Mexico Hospital, alleging medical malpractice and the wrongful death of their seventeen year old daughter. After nearly two years of pre-trial discovery and motions on the merits, defendants filed a motion to dismiss or, in the alternative, for summary judgment based on plaintiffs' failure to obtain, within the time limitation period, court appointment of a personal representative to sue. The trial court denied defendants' motion, but certified the issue for interlocutory appeal. The Court of Appeals, in a memorandum opinion, reversed the trial court and remanded the case for entry of an order dismissing plaintiffs' action. We granted plaintiffs' petition for writ of certiorari. We reverse the Court of Appeals and affirm the trial court.

The sole issue presented for review is whether this action for malpractice and wrongful death brought under the Tort Claims Act by the natural parents of the deceased girl within the limitation period is barred, because the parents failed to secure court appointment as personal representatives within the two-year limitation period of NMSA 1978, Section 41–4–15 (Repl.Pamp.1982). We hold that the cause of action is not barred, due to the operation of NMSA 1978, Civ.P. Rules 15(c) and 17(a) (Repl.Pamp.1980).

Plaintiffs' daughter died on November 19, 1980, in the University of New Mexico Hospital. On September 14, 1982, plaintiffs filed their complaint for malpractice, alleging capacity as "the parents and surviving heirs and representatives of Sandra Diane Chavez, an unmarried minor." They sought damages for the loss of their daughter's society, comfort, support, counsel and services and for medical and funeral expenses, plus attorney fees. Defendants answered the complaint on September 29, 1982, raising no affirmative defense of lack of capacity to sue. Plaintiff Cipriana Chavez was appointed personal representative on June 8, 1983. It was not until November 28, 1984, more than two years after the complaint had been filed, that defendants first raised the issue of plaintiffs' capacity to sue. In the interim, over one hundred documents had been filed

with the court, depositions taken, interrogatories propounded and answered, and numerous motions filed.

The Court of Appeals determined that this case was controlled by *Mackey v. Burke*, 102 N.M. 294, 694 P.2d 1359 (Ct. App.1984), *cert. quashed*, 102 N.M. 293, 694 P.2d 1358 (1985). In *Mackey*, an action for medical malpractice and wrongful death brought by the plaintiffs individually and as the natural parents of the deceased under the Medical Malpractice Act, NMSA 1978, Sections 41–5–1 to –28 (Repl.Pamp. 1982), the Court of Appeals held that NMSA 1978, Section 41–2–3 (Repl.Pamp. 1982) of the Wrongful Death Act applied to bar plaintiffs' suit, because it had not been brought by and in the name of the personal representative within the limitation period. Furthermore, the Court of Appeals would not allow an amended complaint, which added the father as personal representative and which was filed after the limitation period, to relate back to the original complaint, so as to bring the amended complaint within the statute of limitations. The Court of Appeals held that the original complaint was a nullity.

■ Similarly, in the instant case, the Court of Appeals concluded that a wrongful death suit filed under the Tort Claims Act, NMSA 1978, Sections 41–4–1 to –27 (Repl.Pamp.1982 and Cum.Supp.1985) must be brought by a court-appointed personal representative within the limitation period or else be subject to dismissal. We disagree, and to the extent that *Mackey* may be construed to conflict with this opinion, it is hereby overruled.

The Tort Claims Act provides "the *exclusive* remedy against a governmental entity or public employee * * *." § 41–4–17 (emphasis added). Governmental entities and public employees are liable only within the limitations of the Tort Claims Act and in accordance with its principles. § 41–4–2. The Tort Claims Act waives immunity for liability for wrongful death negligently caused by public employees of medical facilities, § 41–4–9, or those licensed by the State to provide health care services,

§ 41–4–10. It is undisputed that the statute of limitations of the Tort Claims Act governs such wrongful death actions. *See Regents of the University of New Mexico v. Armijo*, 103 N.M. 174, 704 P.2d 428 (1985). The Act also provides that the required notice for wrongful death "may be presented by, or on behalf of, the personal representative of the deceased person *or any person claiming benefits* of the proceeds of a wrongful death action * * *." § 41–4–16(C) (emphasis added). Plaintiffs in this case are persons claiming benefits of the proceeds of a wrongful death action. The Tort Claims Act does not specify, however, who has the capacity to bring an action for wrongful death.

At common law there was no right of action for wrongful death. *Ickes v. Brimhall*, 42 N.M. 412, 79 P.2d 942 (1938); *Perry v. Staver*, 81 N.M. 766, 473 P.2d 380 (Ct.App.1970). Any such right of action is purely statutory. *Torres v. Sierra*, 89 N.M. 441, 553 P.2d 721 (Ct.App.), *cert. denied*, 90 N.M. 8, 558 P.2d 620 (1976). The statutory authority for a death action in New Mexico may be found in the Wrongful Death Act, NMSA 1978, Sections 41–2–1 to –4 (Repl.Pamp.1982). Section 41–2–1 of this Act allows for a personal injury claim to survive the death of the injured. Section 41–2–3 requires that every such action "shall be brought by and in the name or names of the personal representative or representatives of such deceased person." While we agree with the Court of Appeals that the personal representative provision is applicable to the present case, we do not agree with that Court's interpretation or application of the provision.

It is merely "incidental" that a "personal representative" is named to bring a wrongful death action. *Henkel v. Hood*, 49 N.M. 45, 156 P.2d 790 (1945). Any recovery for wrongful death has no relation to the deceased's estate; the recovery does not become part of the estate assets. *Trefzer v. Stiles*, 56 N.M. 296, 243 P.2d 605 (1952). The personal representative is only a nominal party who was selected by the Legislature to act as the statutory trustee for the

individual statutory beneficiaries. *Dominguez v. Rogers,* 100 N.M. 605, 673 P.2d 1338 (Ct.App.), *cert. denied,* 100 N.M. 689, 675 P.2d 421 (1983).

"Personal representative" is not defined by either the Tort Claims Act or the Wrongful Death act. A statutory definition of the term may be found, however, in the Probate Code in NMSA 1978, Section 45–1–201(29) (Cum.Supp.1985) which provides " 'personal representative' includes an executor, administrator, successor personal representative, special administrator and persons who perform substantially the same function under the law governing their status."

Although a wrongful death action in New Mexico must be prosecuted by a personal representative, *Varney v. Taylor,* 77 N.M. 28, 419 P.2d 234 (1966); *Dominguez,* the cases have generally broadly construed who qualifies as a personal representative under the Wrongful Death Act. In *Henkel,* which construed a precursor of Section 41–2–3, this Court held that a Texas administrator with limited powers was a "personal representative" within the meaning of the Wrongful Death Act. The *Henkel* Court reasoned that it was unnecessary for an administrator to have full powers over an estate in order to sue in New Mexico for wrongful death on behalf of the statutory beneficiaries, since his authority to bring such an action was derived from the wrongful death statutes, not from the probate or estate laws. The actual powers and duties of such an administrator, therefore, were not important to a determination of an administrator's capacity to sue for wrongful death. The Court in *Henkel* wrote:

> The important thing is that the action shall not fail because of the absence of a party capable of suing....
>
> \*     \*     \*     \*     \*     \*
>
> If and when we can say that such administrator as we have here answers the purpose of the statute, in that he is, in some sense, a personal representative of the deceased, he meets the requirement.

49 N.M. at 48–49, 156 P.2d at 792 (citations omitted). The *Henkel* Court determined that although "personal representative" means "executor or administrator, and includes a temporary, special, or ancillary administrator, and an administrator de bonis non on refusal of the administrator to sue," *id.,* the duties and powers of such a personal representative differ according to whether he is acting under the authority of the Wrongful Death Act or the Probate Code. Thus, a personal representative under the Wrongful Death Act may be an estate administrator, *see Torres v. Sierra,* 89 N.M. 441, 553 P.2d 721 (Ct.App.), *cert. denied,* 90 N.M. 8, 558 P.2d 620 (1976), as well as an executor or a court-appointed personal representative. He need not, however, have the full powers required by the Probate Code, since his duties under the Wrongful Death Act are merely to act as a nominal party for all the statutory beneficiaries in order to centralize the claims and prevent multiple and possibly contradictory lawsuits.

The Court of Appeals in *Mackey* relied upon *Henkel* for the proposition that " 'personal representative' for the purpose of a wrongful death action, is not synonymous with the parameters of the Probate Code." 102 N,M. at 296, 694 P.2d at 1361. From this proposition, the Court of Appeals drew several erroneous conclusions: (1) that the personal representative requirement is jurisdictional; (2) that if it is not met the suit is a "nullity"; and (3) that an amendment under NMSA 1978, Civ.P.Rule 15(c) (Repl. Pamp.1980) adding a party as a personal representative would not relate back to the original filing so as to avoid the bar of the statute of limitations. We believe this view of the personal representative requirement of the Wrongful Death Act is unnecessarily restrictive and that NMSA 1978, Civ.P. Rules 15(c) and 17(a) (Repl.Pamp.1980) dictate a different result.

Rule 15(c) provides:

(c) **Relation back of amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set

forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Rule 17(a) provides:

(a) **Real party in interest.** Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the state so provides, an action for the use or benefit of another shall be brought in the name of the state. Where it appears that an action, by reason of honest mistake, is not prosecuted in the name of the real party in interest, the court may allow a reasonable time for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

New Mexico follows the principle that in the interests of justice and to promote the adjudication of a case upon its merits, amendments should be freely granted and allowed to relate back to the date a complaint was originally filed so as to avoid the bar of the statute of limitations whenever the requirements of Rule 15(c) are met. *Galion v. Conmaco International, Inc.,* 99 N.M. 403, 658 P.2d 1130 (1983). Where the real parties in interest received sufficient notice of the proceedings or were involved unofficially at an early stage, the statute of limitations should not be used mechanically to bar an otherwise valid claim. *Galion. See also* Annot., 12 A.L.R. Fed. 233 (1972).

In *Mackey* the Court of Appeals did not allow an amendment to relate back, because it considered the original suit filed within the statutory period a nullity. We do not agree that such a claim is a nullity ab initio requiring dismissal and the institution of a new suit after the plaintiff qualifies as a personal representative. The nature of the claim in an amended complaint would remain unchanged from that asserted in the original complaint and would arise out of "the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." Civ.P.R. 15(c). Unlike *DeVargas v. State ex rel. New Mexico Department of Corrections,* 97 N.M. 447, 640 P.2d 1327 (Ct.App.1981), *cert. quashed,* 97 N.M. 563, 642 P.2d 166 (1982), in which the original complaint was deemed a nullity because it failed to state a claim for relief under 42 U.S.C. Section 1983, the complaint in the present case is valid on its face. Its only defect is that the plaintiffs failed to secure appointment as personal representatives within the statutory period. Nor does the holding of *Mercer v. Morgan,* 86 N.M. 711, 526 P.2d 1304 (Ct.App.1974) mandate that the complaint in this case be considered a nullity. In *Mercer* the court held that a suit filed against a defendant who was deceased was a nullity and that an amendment would not relate back under Rule 15(c). Clearly that is not the situation in the present case.

Moreover, under Civ.P.Rule 17(a), when due to an honest mistake, a suit is not prosecuted in the name of the real party in interest "the court may allow a reasonable time for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been

commenced in the name of the real party in interest."

Our Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure. A majority of the federal courts allow a change in a plaintiff's capacity to sue to relate back to the action's commencement under Fed.Rules Civ.P. 15(c) and 17(a). *See* 3 J. Moore, *Moore's Federal Practice* § 15.15[4] (2d ed. 1985); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1555 (1971). Wrongful death actions have been specifically included within this principle. *See, e.g., Davis v. Piper Aircraft Corp.,* 615 F.2d 606 (4th Cir.), *cert. dismissed,* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980); *Holmes v. Pennsylvania New York Central Transportation Co.,* 48 F.R.D. 449 (N.D.Ind. 1969); *Shinkle v. Union City Body Co.,* 94 F.R.D. 631 (D.Kan.1982); *Hunt v. Penn Central Transportation Co.,* 414 F.Supp. 1157 (W.D.Pa.1976). *See also* Annot., 12 A.L.R.Fed. 233 (1972).

The reasoning of these cases has been explained as follows:

> Thus in cases involving an amendment, made after the applicable limitation period has run, which attempted to change the capacity or identity of the parties, the courts generally examined the facts of the case to ascertain whether the allowance of such amendment would be inconsistent with the notice requirements inherent in such limitation. *Where plaintiff sought to change the capacity in which the action is brought,* or in which defendant is sued, *there is no change in the parties before the court, all parties are on notice of the facts out of which the claim arose, and relation back was allowed in both the case of the plaintiff and the defendant.*

3 J. Moore, *supra* § 15.15[4.–1] at 15–157 (emphasis added; footnotes omitted).

Also, a majority of the state courts that have recently considered the issue have reached a similar result. *See* Annot., 27 A.L.R.4th 198 (1984); Annot., 3 A.L.R.3d 1234 (1965). In *Bermudez v. Florida Power & Light Co.,* 433 So.2d 565 (Fla.App.

1983), *cert. denied,* 444 So.2d 416 (1984), although a Florida statute required a death action to be brought by decedent's personal representative, the court rejected appellees argument that the personal representative must be appointed before an action can be commenced and that the original action is a nullity and must be quashed if it is initiated before the personal representative is appointed. Recently the North Carolina Supreme Court overruled its older cases which adhered to the notion that a change in a plaintiff's capacity to sue was equivalent to the bringing of a new cause of action. *Burcl v. North Carolina Baptist Hospital, Inc.,* 306 N.C. 214, 293 S.E.2d 85 (1982). Basing its reasoning largely upon Rules 15(c) and 17(a) of North Carolina's New Rules of Civil Procedure, which also were modeled after the federal rules, the court in *Burcl* held that a foreign administrator, who under state law lacked capacity to sue for wrongful death, could file a supplemental pleading changing her capacity to sue and that this pleading would relate back to the commencement of the action. The *Burcl* court concluded:

> The purpose served by the statute of limitations—protection against state claims—is in no way compromised by allowing such a pleading to relate back to the action's commencement. To hold otherwise would be to return to hypertechnical pleading restrictions inimical to just resolution of disputed claims, restrictions which our present rules of pleading were designed to overcome.

*Id.* at 230, 293 S.E.2d at 95.

In the present case, the original pleading alleged a valid cause of action and certainly gave defendants notice of the claim within the statutory period. In fact, the case proceeded normally with both sides engaging in extensive discovery. Any claim asserted in an amended pleading would arise out of the same conduct, and occurrence upon which the original complaint was based. Defendants would in no way be prejudiced if the appointment of plaintiff Cipriana Chavez as personal representative is allowed to relate back to the

initial filing of the action. We determine, therefore, that in this case relation-back should be permitted. Such relation-back may be accomplished either by permitting an amendment to relate back under Rule 15(c) or by allowing under Rule 17(a) "a reasonable time for ratification of commencement of the action by, or joinder or subdivision of" the personal representative. *See Brohan v. Volkswagen Manufacturing Corp.*, 97 F.R.D. 46 (E.D.N.Y.1983) (this is the kind of technical mistake contemplated by Rule 17).

The Court of Appeals is reversed, and the trial court's order denying defendants' motion to dismiss is affirmed. The cause is remanded to the trial court for proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior J., and RIORDAN, STOWERS and WALTERS, JJ., concur.