733 P.2d 1327

MONCOR TRUST COMPANY, Personal Representative of Cheryl Flynn, Deceased, on Behalf of Robert Joshua FLYNN and Maria Elana Flynn, Minors, Plaintiff-Appellant,

v.

Paul A. FEIL, M.D. and Argia Ciccarelli and William L. Merrill, Joint Special Administrators of the Estate of Stephen Goodman, Deceased, Defendants-Appellees.

No. 8469.

Court of Appeals of New Mexico.

Jan. 27, 1987.

Certiorari Denied March 5, 1987.

William G. Gilstrap, William G. Gilstrap, P.C., Albuquerque, for plaintiff-appellant.

Margo J. McCormick, Alice Tomlinson Lorenz, Miller, Stratvert, Torgerson & Brandt, P.A., Albuquerque, for defendants-appellees.

## OPINION

DONNELLY, Chief Judge.

Plaintiff Moncor Trust Company, as personal representative of the estate of Cheryl Flynn, deceased, appeals from an order granting defendants' motion to dismiss its wrongful death action. The single issue presented herein involves the construction of NMSA 1978, Section 41–5–13 (Repl. 1986), and whether the tolling provision for minor children contained in the statute of limitations for medical malpractice is applicable to decedent's surviving children. We affirm.

Decedent underwent an operation to implant a pacemaker in an operation on February 20, 1978, in El Paso, Texas. Thereafter, she was treated by Drs. Paul A. Feil and Steven Goodman in Deming, New Mexico, for heart problems. On March 3, 1978, decedent died. On June 20, 1984, over six years later, Moncor filed a wrongful death action against defendants, alleging, in part, that decedent's death was due to defendants' alleged acts of medical malpractice.

Plaintiff's suit also alleged that the beneficiaries under the Wrongful Death Act were her two surviving children, Robert Joshua Flynn, born August 26, 1975, and Maria Elana Flynn, born December 16, 1977.

The eldest of decedent's two surviving children attained the age of nine on August 26, 1984, over two months after the filing of the complaint. Thereafter, defendants moved to dismiss the suit, alleging that because the complaint recited that the alleged acts of malpractice occurred between February 20, 1978 and March 3, 1978, the applicable statute of limitations, Section 41–5–13, barred any recovery.

Following a hearing on the motion, the trial court entered an order dismissing plaintiff's claims against defendants.

## APPLICABILITY OF TOLLING PROVISIONS.

Plaintiff argues on appeal that its wrongful death action premised upon malpractice claims brought against defendants was not barred by the statute of limitations because the statute was tolled under the minority disability provision of Section 41–5–13. The statute provides:

> No claim for malpractice arising out of an act of malpractice which occurred subsequent to the effective date of the Medical Malpractice Act may be brought against a health care provider unless filed within three years after the date that the act of malpractice occurred except that a minor under the full age of six years shall have until his ninth birthday in which to file. This subsection applies to all persons regardless of minority or other legal disability.

Under the Medical Malpractice Act, NMSA 1978, Sections 41–5–1 to –28 (Repl. 1986), Section 41–5–13 is controlling as to whether an action grounded upon a claim of medical malpractice has been timely filed. *Armijo v. Tandysh*, 98 N.M. 181, 646 P.2d 1245 (Ct.App.1981). *Cf. Kern v. St. Joseph Hospital*, 102 N.M. 452, 697 P.2d 135 (1985). The limitations period under Section 41–5–13 accordingly begins to run from the date of the alleged act of malpractice. *Keithley v. St. Joseph's Hos-*

*pital,* 102 N.M. 565, 698 P.2d 435 (Ct.App. 1984).

The trial court found that plaintiff's cause of action was required to be filed within three years from the date of the alleged act of medical malpractice and that the tolling provision contained in Section 41–5–13 does not benefit a minor who was not a patient within the contemplation of the Medical Malpractice Act.

Resolution of the issue presented turns upon the interpretation of Section 41–5–13 and its application to the wrongful death statutes, NMSA 1978, Section 41–2–1 to –3 (Repl.1986). The court is guided in this task by certain principles of statutory interpretation. As a general rule, exceptions to statutes of limitations are required to be construed strictly. *Slade v. Slade,* 81 N.M. 462, 468 P.2d 627 (1970). The cardinal rule of statutory construction is to determine and effectuate the actual intention of the legislature. *Smith Machinery Corp. v. Hesston, Inc.,* 102 N.M. 245, 694 P.2d 501 (1985). The primary source from which we glean the legislative intent is from the wording of the statute itself. *First National Bank of Santa Fe v. Southwest Yacht & Marine Supply Corp.,* 101 N.M. 431, 684 P.2d 517 (1984). Statutes must be construed according to the purpose for which they were enacted, the wrong sought to be remedied, *Patterson v. Globe American Casualty Co.,* 101 N.M. 541, 685 P.2d 396 (Ct.App.1984), and the court may consider the background of the statute in question. *First National Bank of Santa Fe v. Southwest Yacht & Marine Supply Corp.*

■ The legislative purpose in enacting the Medical Malpractice Act was to promote "the health and welfare of the people of New Mexico by making available professional liability insurance for health care providers in New Mexico." § 41–5–2. An obvious goal of the legislature in enacting this legislation was to address certain factors adversely affecting the cost of medical malpractice insurance, to encourage continued availability of professional medical services, and to provide incentives for the furnishing of professional liability insurance. *See Otero v. Zouhar,* 102 N.M. 493, 697 P.2d 493 (Ct.App.1984) (citing R. Kovant, *Medical Malpractice Legislation in New Mexico,* 7 N.M.L.Rev. 5, 7 (1976–77)), *rev'd on other grounds,* 102 N.M. 482, 697 P.2d 482 (1985). *Cf. Steketee v. Lintz, Williams & Rothberg,* 38 Cal.3d 46, 210 Cal.Rptr. 781, 694 P.2d 1153 (1985) (en banc).

■ The underlying purpose of a statute of limitations is to compel the exercise of a right of action within a reasonable time so that the party against whom the action is brought will have a fair opportunity to defend. *See Gaston v. Hartzell,* 89 N.M. 217, 549 P.2d 632 (Ct.App.1976) (citing and quoting *Thomas v. Richter,* 88 Wash. 451, 153 P. 333 (1915); *see also Parrish v. McDaniel,* 101 N.M. 257, 680 P.2d 638 (Ct. App.1984).

■ In light of the background underlying enactment of the Medical Malpractice Act and the language of Section 41–5–13, we conclude that the legislature sought to require any litigation involving medical malpractice allegations to be brought within such time as to enable the parties to prove the material facts while they were reasonably fresh and before such proof has become stale, memories have dimmed, or material evidence has been entirely lost.

■ A wrongful death action in New Mexico is required to be brought by and in the names of the personal representatives of the decedent on behalf of those beneficiaries designated by statute; these beneficiaries, as such, are not proper plaintiffs. § 41–2–3. *See also Stang v. Hertz Corp.,* 81 N.M. 348, 467 P.2d 14 (1970); *Kilkenny v. Kenney,* 68 N.M. 266, 361 P.2d 149 (1961). The right of recovery, however, belongs to the statutory beneficiary for whose benefit the suit has been brought. *Varney v. Taylor,* 77 N.M. 28, 419 P.2d 234 (1966).

■ Notwithstanding the beneficiary's right of recovery, minority disability saving a person from the operation of the statute of limitations is a personal privilege limited

to the minor under the disability only and cannot confer rights on other persons asserting actions. *Armijo v. Regents of University of New Mexico*, 103 N.M. 183, 704 P.2d 437 (Ct.App.1984) (citing *Slade v. Slade*), *rev'd as to another issue*, 103 N.M. 174, 704 P.2d 428 (1985).

In *Gomez v. Leverton*, 19 Ariz.App. 604, 509 P.2d 735 (1973), the Arizona Court of Appeals considered a claim similar to that asserted by the plaintiff herein. There, the trial court dismissed, under the bar of the statute of limitations, a wrongful death action brought by plaintiff as surviving spouse and administratrix of the estate of her deceased husband. The court of appeals affirmed, holding that the minority of decedent's children did not toll the running of the statute of limitations against the wrongful death action. The court stated, in applicable part: "[O]ur wrongful death statutes clearly differentiate between the right to be a plaintiff and the right to be a beneficiary of a wrongful death action. Since the decedent's children are merely in the latter category and are not entitled to bring an action, the tolling statute does not apply." *Id.* at 606, 509 P.2d at 737.

Similarly, in *Short v. Flynn*, 118 R.I. 441, 374 A.2d 787 (1977), the Supreme Court of Rhode Island rejected a contention, analogous to that advanced by plaintiff herein, that the tolling provision applicable to minors applied to the personal representative who brought a wrongful death action on behalf of decedent's beneficiaries, including several minors. *Contra* *Bradley v. Etessam*, 703 S.W.2d 237 (Tex. Civ.App.1986) (interpreting the Texas statute of limitation on health care liability claims without citing precedent or delineating reasons therefor).

 Considering the objectives and underlying purpose of the Medical Malpractice Act, and the language of the statute itself, we interpret the tolling provisions applicable to minors under the age of nine years contained in Section 41–5–13 to apply only to minors who suffer an alleged act of malpractice and not to minors who are beneficiaries under the Wrongful Death Act. *Cf. Regents of University of New Mexico v. Armijo*, 103 N.M. 174, 704 P.2d 428 (1985) (where court held that minority of *decedent*, who can be neither proper party nor beneficiary in wrongful death action, should not inure to benefit of adult personal representative who is under no legal disability); *cf. also* § 41–5–3(C).

The trial court's order dismissing plaintiff's complaint under the bar of the statute of limitations is affirmed.

IT IS SO ORDERED.

ALARID and FRUMAN, JJ., concur.