496 P.2d 1111

James U. FLEMING, Plaintiff-Appellant,

v.

PHELPS–DODGE CORPORATION,
Defendant-Appellee.

No. 797.

Court of Appeals of New Mexico.

April 21, 1972.

Asa Kelly, Jr., Silver City, for plaintiff-appellant.

Ben Shantz, Hilton A. Dickson, Jr., Shantz, Dickson & Young, Silver City, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

The dispositive issues involve the Construction Industries Licensing Act. Sec-

tions 67–35–1 through 67–35–63, N.M.S.A. 1953 (Repl.Vol. 10, pt. 1, Supp.1971). They are: (1) whether the plaintiff was a contractor within the meaning of § 67–35–3, supra; (2) whether plaintiff's asserted contract was excluded from § 67–35–3, supra; and (3) whether his damage claim may be maintained even if he is an unlicensed contractor.

The issues are raised by plaintiff's appeal from a summary judgment in favor of defendant. In reviewing the summary judgment, we consider only undisputed facts and determine whether, under those facts, summary judgment was proper as a matter of law. See Worley v. United States Borax and Chemical Corp., 78 N.M. 112, 428 P.2d 651 (1967).

By written contract, plaintiff was to demolish certain residences and other buildings on defendant's property and remove all materials of value by a specified date. Plaintiff contends this contract was orally modified. His damage claim is based on the asserted oral modifications.

*Whether plaintiff was a contractor within the meaning of Section 67–35–3, supra.*

Section 67–35–3, supra, states in part:

"As used in the Construction Industries Licensing Act [67–35–1 to 67–35–63], 'contractor':

"A. Means any person who undertakes, offers to undertake, or purports to have the capacity to undertake, by himself or through others, contracting. Contracting includes, but is not limited to, constructing, altering, repairing, installing or demolishing any:

" * * *.

"(2) building, stadium or other structures;"

Under the written contract, plaintiff was subject to § 67–35–3, supra; he had agreed to demolish buildings. However, one of the claimed oral modifications to the contract is that plaintiff could remove the residences and buildings without demolition. Assuming such a modification, the issue is whether a contract to remove residences and buildings is within the meaning of § 67–35–3, supra.

Although the removal of structures is not specifically included within the items named, the statute provides that contracting includes the altering of buildings. "Altering" has some meaning other than constructing, repairing, installing or demolishing, otherwise all of the words would not have been used in the statute. See Board of Com'rs of Guadalupe County v. State, 43 N.M. 409, 94 P.2d 515 (1939). .

Black's Law Dictionary, 4th Ed. (1951) defines alter: "To make a change in; to modify; to vary in some degree; to change some of the elements or ingredients or details without substituting an entirely new thing or destroying the identity of the thing affected. * * * To change partially * * *." See, also, Webster's Third New International Dictionary (1966).

The undisputed facts show that as to one of the houses plaintiff " * * * had the porch loose from the house ready to move. * * * " They also show that in preparing to remove the houses he was " * * * knocking out the cement foundations and putting stuff in the foundation to slide the timbers * * *;" that " * * * the biggest end of moving a house is raising it up." These facts establish that removal of the structures necessarily involved a change and, thus, an alteration.

We hold the asserted oral agreement to remove residences and buildings was a contract to alter those items and that in entering this asserted agreement plaintiff was "contracting" within the meaning of § 67–35–3, supra.

*Whether the asserted contract was excluded from Section 67–35–3, supra.*

Subsection C of § 67–35–3, supra, lists various items excluded from "contracting" and, thus, excluded from the requirements of the Construction Industries Licensing Act. Originally, plaintiff relied on exclusions (10), (11) and (12) of § 67–35–3(C), supra. At oral argument he abandoned his reliance on exclusion (10).

Item (11) reads in part:

"a person who acts on his own account to build or improve a structure for his personal use or for resale; * * *"

Item (12) reads in part:

"a person who, by himself or with the aid of others who are paid wages and receive no other form of compensation, builds or makes installations, repairs or alterations in or to a building or other improvement on a farm or ranch owned, occupied or operated by him, * * *"

■ The facts asserted by plaintiff in support of these exclusions are facts going to plaintiff's dealing with the structures after they were removed from defendant's property. Whether the Construction Industries Licensing Act would have been applicable to plaintiff's activities in connection with the structures at that point in time is not an issue in this case. Our concern is with the asserted contract for removal.

■ Neither the asserted contract for removal nor the removal process itself involves building or improving the structures (exclusion 11), or building, installations, repairs or alterations on a farm or ranch owned, occupied or operated by plaintiff (exclusion 12). See Board of Com'rs of Guadalupe County v. State, supra. Neither exclusion (11) nor exclusion (12) of § 67–35–3(C), supra, is applicable to the removal of structures from defendant's land. These exclusions do not exclude the asserted contract of removal from the meaning of "contracting" under § 67–35–3, supra.

*Whether the damage claim may be maintained.*

We have held the asserted contract on which plaintiff relies is one for alteration of structures; that it is "contracting" under § 67–35–3, supra, and is not excluded. It is undisputed that plaintiff did not have a license. His status is that of an unlicensed contractor. See § 67–35–15, N.M. S.A.1953 (Repl.Vol. 10, pt. 1, Supp.1971).

Section 67–35–33, N.M.S.A.1953 (Repl. Vol. 10, pt. 1, Supp.1971) provides: "No contractor shall * * * maintain any action in any court of the state for the collection of compensation for the performance of any act for which a license is required by the Construction Industries Licensing Act * * * without alleging and proving that such contractor was a duly licensed contractor. * * *"

Plaintiff contends that § 67–35–33, supra, does not bar his suit because he is not seeking compensation for the performance of the asserted contract; rather, he seeks damages for its breach. His damage claim is based on an alleged blocking of roads by defendant and defendant's refusal to permit plaintiff to enter its property to remove some of the structures.

A result contrary to plaintiff's contention appears to have been reached under California statutes similar to § 67–35–33, supra. See West's Annotated California Codes, Business and Professions, § 7031; Proffitt and Durnell Plumbing, Inc. v. David H. Baer Co., 247 Cal.App.2d 518, 55 Cal.Rptr. 764 (1967); Bierman v. Hagstrom Construction Company, 176 Cal.App.2d 771, 1 Cal.Rptr. 826, 82 A.L.R.2d 1424 (1959). We pass the question of whether § 67–35–33, supra, prohibits actions for damages based on breach of contract.

The answer to plaintiff's contention appears in New Mexico decisions. Desmet v. Sublett, 54 N.M. 355, 225 P.2d 141 (1950) states: " * * * a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal * * * transaction to which he is a party, or where he must base his cause of action, in whole or in part, on a violation by himself of the criminal or penal laws. * * *" In Kaiser v. Thomson, 55 N.M. 270, 232 P.2d 142 (1951) the plaintiff sought recovery for the reasonable value of labor and materials supplied, but failed to allege that he was the holder of a contractor's license. *Kaiser* applied *Desmet* and denied recovery. In so holding, the opinion referred to a statute making it a misdemeanor to act in the capacity of a contractor without a re-

quired license. See Campbell v. Smith, 68 N.M. 373, 362 P.2d 523 (1961); compare Measday v. Sweazea, 78 N.M. 781, 438 P.2d 525, 26 A.L.R.3d 1386 (Ct.App.1968), where plaintiff recovered because, in establishing his claim, he was not required to prove a statutory violation.

Section 67-35-15, supra, provides that no person is to engage in the business of contractor within the State without the appropriate license. Section 67-35-59, supra, makes it a petty misdemeanor to act in the capacity of contractor within the meaning of the Construction Industries Licensing Act without the required license.

To recover damages for breach of contract, plaintiff must rely on an alleged contract entered by him in violation of statutes which prohibit such contracting and provide a criminal penalty for the violation. He may not do so. Kaiser v. Thomson, supra; Desmet v. Sublett, supra. Plaintiff's action for damages for breach of contract may not be maintained.

The summary judgment is affirmed.

It is so ordered.

COWAN and HERNANDEZ, JJ., concur.