831 P.2d 985

**Dianna LEWIS, Personal Representative of the Estate of Thomas F. Lewis, Deceased, and Dianna Lewis, conservator of the Estate of Thomas J.B. Lewis, Christie Anna F.J. Lewis, and Faith M.A. Lewis, all minors, Plaintiffs–Appellants,**

v.

**DAIRYLAND INSURANCE COMPANY, a foreign corporation, and American Reliable Insurance Company, a foreign corporation, Defendants–Appellees.**

No. 19721.

Supreme Court of New Mexico.

May 15, 1992.

Wilson & Rank, Frank K. Wilson, Rory L. Rank, Alamogordo, for appellants.

Miller, Stratvert, Torgerson, & Schlenker, P.A., Mick I.R. Gutierrez, Las Cruces, for appellee Dairyland Ins.

Klecan, Childress & Huling, Mark J. Klecan, Albuquerque, for appellee American Reliable.

## OPINION

FROST, Justice.

The issue that we address in this case is whether the several statutory beneficiaries in a wrongful death action are entitled to recover pursuant to underinsured motorist insurance policies the per-person or per-accident limits of coverage. In granting summary judgment to the insurers, the tri-al court held that recovery could be had only for the per-person coverage. We affirm.

In September 1988, Thomas F. Lewis was killed when his motorcycle collided with an underinsured automobile in Otero County, New Mexico. At the time of his death, decedent insured his motorcycle with Dairyland Insurance Company and also insured a second vehicle with American Reliable Insurance Company. Each policy provided split uninsured motorist coverage [1] of $25,000 for each person and $50,000 for each accident.

■ Plaintiff, decedent's widow, was appointed personal representative of the estate and conservator of the estates of three surviving minor children, all statutory beneficiaries under New Mexico's wrongful death provisions, NMSA 1978, Sections 41–2–1, –3 (Repl.Pamp.1989). With the consent of Dairyland and American Reliable, plaintiff settled with the tortfeasor's insurance carrier for the liability policy limit of $25,000. Dairyland and American Reliable each paid the $25,000 per-person limit, less the respective setoffs from the negligent driver's liability payment, and denied plaintiff's claim for benefits up to the $50,000 per-accident limit. In a complaint for declaratory judgment, plaintiff sought to recover the per-accident limit by urging that, under the wrongful death statutes, each beneficiary was entitled to assert separate claims against decedent's underinsured motorist coverage. All parties moved for summary judgment, with the district court granting the insurers' motions. In reviewing the summary judgment, we consider only the undisputed facts and determine whether, under those facts, summary judgment was proper as a matter of law. *Fleming v. Phelps–Dodge Corp.*, 83 N.M. 715, 716, 496 P.2d 1111, 1112 (Ct.App.1972).

■ The dispositive issue is whether the trial court erred in concluding as a matter of law that the beneficiaries identified in the wrongful death statutes have one col-

---

**1.** Our uninsured motorist statute, NMSA 1978, Section 66–5–301(B) (Repl.Pamp.1989), includes underinsured motorist coverage as part of the uninsured coverage. *American States Ins. Co. v. Frost,* 110 N.M. 188, 190, 793 P.2d 1341, 1343 (1990).

lective right of action, rather than separate, divisible rights of action as urged by plaintiff. The insurers submit that a wrongful death gives rise to one indivisible claim that is, in this case, subject to the per-person limit of liability. We agree and hold that our wrongful death statutes permit only one claim for damages for the death of one person.

Section 41–2–1 states:

Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, * * * and the act, or neglect, or default, is such as would, if death had not ensued, have entitled the party injured to maintain *an action* and recover damages in respect thereof, then * * * the person who * * * would have been liable, if death had not ensued, shall be liable to *an action* for damages, notwithstanding the death of the person injured.

(Emphasis added.) Section 41–2–3 states:

Every such action * * * shall be brought by and in the name or names of the personal representative or representatives of such deceased person * * *. The proceeds of any judgment obtained in any such action shall not be liable for any debt of the deceased: provided, he or she shall have left a husband, wife, child, father, mother, brother, sister or child or children of the deceased child * * *.

We have no quarrel with plaintiff's contention that she and the surviving children are entitled to damages under the wrongful death statutes. Plaintiff's premise, however, that each beneficiary has a separate, divisible claim, is faulty. Beneficiaries are not the proper plaintiffs. *Moncor Trust Co. v. Feil*, 105 N.M. 444, 446, 733 P.2d 1327, 1329 (Ct.App.), *cert. denied*, 105 N.M. 421, 733 P.2d 869 (1987). The personal representative is entitled to recover damages on behalf of the statutory beneficiaries. *Stang v. Hertz Corp.*, 81 N.M. 69, 77, 463 P.2d 45, 53 (Ct.App.1969), *aff'd*, 81 N.M. 348, 467 P.2d 14 (1970). The right of action depends "upon the right of the person injured, had he [or she] not died as a consequence of [the] injury, to maintain an action for personal injuries." *Id.* 81 N.M.

at 351, 467 P.2d at 17. Here, as a result of the accident, Section 41–2–1 preserved decedent's right to claim underinsured motorist benefits provided by Dairyland and American Reliable and transmitted it to the personal representative. *See id.* at 79, 463 P.2d at 55; *see also Lumley v. Farmers Ins. Co.*, 716 S.W.2d 455, 457 (Mo.Ct.App. 1986) (wrongful death statutes provide for one indivisible claim for death of one person, which remains the same whether enforced by the surviving spouse, minor children, or others named in the statute).

Plaintiff urges this court to invalidate on public policy grounds any limitation on wrongful death beneficiaries to single person recovery. Plaintiff relies on the Ohio Supreme Court case of *Wood v. Shepard*, 38 Ohio St.3d 86, 526 N.E.2d 1089 (1988), which held that "each person entitled to recover damages pursuant to [Ohio's wrongful death statute] for wrongful death, and who is an insured under an underinsured motorist provision of an insurance policy, has a separate claim and such separate claims may not be made subject to the single person limit of liability in the underinsured motorist provision." *Id.* 526 N.E.2d at 1094.

The *Wood* court based its holding on the language in Ohio's wrongful death statute "that the surviving spouse, the children, and the parents of the decedent are 'all … rebuttably presumed to have suffered damages by reason of the wrongful death.'" *Id.* at 1092 (quoting Ohio Rev.Code Ann. § 2125.02 (Baldwin 1987)). Our statutes do not create such a presumption. Section 41–2–3 reserves for the fact finder the determination of damages "taking into consideration the pecuniary injury or injuries resulting from such death to the surviving party or parties * * * and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default."

Furthermore, the coverage provided by the policy in *Wood* was more inclusive than the coverage provided by decedent's policies. The policy in *Wood* allowed recovery "for all damages resulting from any one accident." *Id.* at 1091 n. 2. Here, each

policy limits damages in clear and unambiguous language. The American Reliable policy states that "[t]he **Bodily Injury** limit for **each person** is the most **we** will pay for **Bodily Injury** suffered by any one **person** in any one **accident.**" The Dairyland policy states that "[t]he limit for 'each person' is the limit for all claims by all persons for *damages* from bodily injury to one person" and "[t]he maximum amount we'll pay * * * to any one person is the limit of Uninsured Motorist Insurance for 'each person.'" Under both policies, the per-accident limit applies only when bodily injury or death of two or more persons occurs in one accident.

Finally, plaintiff asserts that a restriction on uninsured motorist coverage, such as the per-person limit for one wrongful death, violates the policy behind the uninsured motorist statute. Plaintiff suggests we borrow the analysis set out in *Stinbrink v. Farmers Insurance Co. of Arizona,* 111 N.M. 179, 803 P.2d 664 (1990), which addressed whether punitive damages are included in damages one is "legally entitled to recover" as that phrase is used in the uninsured motorist statute. *Id.* at 180, 803 P.2d at 665. Plaintiff contends that by merely substituting the words "damages up to the per-occurrence limit of liability" for "punitive damages," the per-occurrence limit should be recoverable since such damages were not unambiguously excluded in the policy. *Stinbrink,* however, fails to support plaintiff's argument since only the personal representative has a cause of action to recover damages. The case presents no issue whether the policy attempts to exclude any entitlement the personal representative might have under the wrongful death provisions. Further, plaintiff's contention lacks merit in light of the public policy supporting "the right of the parties to freely contract within the context of an insurance policy." *Id.* We will not rewrite the parties' contract.

Decedent and his spouse purchased $25,000 per-person uninsured/underinsured motorist coverage under each policy in the event of the death of an insured. Given these amounts of coverage, along with our holding concerning the wrongful death claim, plaintiff, as the personal representative, is entitled to recover only the per-person limit under each policy. The district court's ruling to limit coverage to the per-person amount is consistent with the policy underlying our statutes requiring uninsured/underinsured motorist insurance and is correct as a matter of law. Our holding eliminates the need to address the issue raised by plaintiff on whether the policy was ambiguous in limiting damages to the named insured and his spouse.

Based upon the above, the summary judgment is affirmed.

IT IS SO ORDERED.

RANSOM, C.J., and MONTGOMERY, J., concur.