This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DENNIS MURPHY, as Personal Representative**
**of the Estate of ANDRAE DAVIS, deceased,**
**LORRAINE CALKIN, Individually and as parent**
**and next friend of CASEY DAVIS, a minor, and**
**KOBE DAVIS, a minor,**

    Plaintiffs-Appellees,

and                                  **NO. A-1-CA-35379**

**JENNIFER L. DAVIS, as Parent and**
**Next Friend of Andrae Davis II, a minor,**

    Plaintiff in Intervention/Appellant,

v.

**THE EAGLE'S NEST CONDOMINIUMS**
**ASSOCIATION, a New Mexico Nonprofit**
**Corporation, and ROGER COX AND**
**ASSOCIATES PROPERTY MANAGEMENT**
**COMPANY, LLC, a New Mexico Limited**
**Liability Company,**

    Defendants/Defendants in Intervention.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Kerry Kiernan, P.C.
Kerry Kiernan
Albuquerque, NM

for Appellees
Warner & Finley
Charles R. Finley
Albuquerque, NM

Alex Chisholm
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**VARGAS, Judge.**

{1}     This appeal asks us to resolve a dispute over attorney fees between the attorneys for a wrongful death estate and the attorney for one of the estate's statutory beneficiaries. Attorney Charles Finley (Finley), retained by the mother of one of Decedent's minor sons, appeals the district court's denial of his motion to supervise the contingency fee agreements associated with Plaintiffs' wrongful death action and the accompanying derivative claims of the statutory beneficiaries. On appeal, Finley argues that he is entitled to collect fees from his client's share of the Estate's wrongful death recovery. Alternatively, Finley contends that the Wrongful Death Act requires that the personal representative of the Estate distribute the proceeds of the recovery to the statutory beneficiaries without any deductions for costs or attorney fees incurred

by the Estate. Because Finley failed to show that he had been retained by the personal representative to represent the Estate in the wrongful death action, because the personal representative is entitled to choose his counsel and enter into an agreement to pay that counsel, and because the record supports the district court's finding that there was no evidence that the personal representative distributed the judgment proceeds contrary to his statutory mandate, we affirm.

**BACKGROUND**

{2}     Andrae Davis (Decedent) was shot and killed while inside his residence. Dennis Murphy, acting as personal representative of Decedent's Estate (the Estate), retained two law firms (Plaintiffs' attorneys) to bring a wrongful death action against the Eagle's Nest Condominiums Association and Roger Cox and Associates Property Management, LLC, the owner and the manager of the condominium complex where Decedent was killed. Plaintiffs' attorneys also brought separate individual claims for negligence, negligent hiring, and negligent infliction of emotional distress on behalf of Decedent's fiancé, Lorraine Calkin, and their two sons, Casey and Kobe (collectively, Plaintiffs).

{3}     A little over a year after the complaint was filed, Decedent's ex-wife, Jennifer Davis (Jennifer), through her lawyer, Finley, filed a motion to intervene in the

3

wrongful death action to bring claims for loss of consortium on behalf of Jennifer, as next friend for her son with Decedent, Andrae Davis II (Little Andrae).

{4}    Following a trial on the merits, the jury awarded compensatory damages of $2,835,000 to the Estate and $455,000[1] to each of Decedent's children. The jury also awarded $6 million in punitive damages.

{5}    After entry of the judgment on the jury's award, Finley filed a motion asking the court to supervise the contingency fee agreements between Plaintiffs and Plaintiffs' attorneys as well as the contingency fee agreement between Finley and Jennifer. In his motion, Finley argued that as counsel for one of the three statutory beneficiaries, he was entitled to collect attorney fees on his client's one-third share of the Estate's total damages award and that the Estate should distribute its proceeds to the statutory beneficiaries without deducting any costs or attorney fees.

{6}    Following a hearing, the district court denied the motion, finding Finley's representation of Jennifer, on behalf of Little Andrae, was limited to the loss of consortium claim alone, and did not include representation of Little Andrae as a statutory beneficiary of the Estate's wrongful death action. The district court also found that the term "proceeds," as defined in the Wrongful Death Act and applied to

---

[1]These amounts reflect the court's calculations of comparative fault attributed to each of the defendants.

4

the Estate's judgment, referred to net proceeds, rather than gross proceeds. Finley appealed.

**DISCUSSION**

{7}     Finley raises two issues on appeal. First, he claims he is entitled to collect fees from Little Andrae's share of the Estate's wrongful death recovery because Little Andrae is a statutory beneficiary of the Estate and Jennifer retained him to represent Little Andrae's interests. Second, Finley argues that the Wrongful Death Act requires that Little Andrae receive his gross share of the Estate's recovery distributed to him without any deductions for attorney fees and costs. We are not persuaded by either argument.

**Finley's Right to Collect Fees From Estate Proceeds**

{8}     We first address Finley's claim that, as the attorney for one of the Estate's statutory beneficiaries, he is entitled to collect attorney fees on Little Andrae's share of the proceeds of the judgment entered in favor of the Estate. In support of his claim, Finley relies on his contingency fee agreement with Jennifer. We have previously held that "[w]here one employs an attorney and makes an express valid contract, stipulating for the compensation which the attorney is to receive for his services, such contract is generally speaking, conclusive as to an amount of such compensation[,]" and, "[i]t is the function of the court to enforce the contract as made." *Citizens Bank v. C & H*

*Constr. & Paving Co.*, 1979-NMCA-106, ¶ 39, 93 N.M. 422, 600 P.2d 1212 (internal quotation marks and citation omitted). Further, the party seeking enforcement of a contract, in this case, Finley, carries the burden of persuasion. *See Farmington Police Officers Ass'n v. City of Farmington*, 2006-NMCA-077, ¶ 16, 139 N.M. 750, 137 P.3d 1204.

{9}     Before addressing the parties' arguments on appeal, we note that Finley, as the appellant, has the responsibility to provide a proper record for appellate review. *See Brown v. Trujillo*, 2004-NMCA-040, ¶ 34, 135 N.M. 365, 88 P.3d 881 (stating the rule that a party seeking review bears the burden of providing the court with an adequate record to review issues on appeal); *Williams v. Bd. of Cty. Comm'rs of San Juan Cty.*, 1998-NMCA-090, ¶ 10, 125 N.M. 445, 963 P.2d 522 (declining to consider matters not of record, noting that the appellant has a duty to provide "an adequate record sufficient to review the issue on appeal"). Finley agrees that the contingency fee agreements establishing a legal relationship "between the personal representative, the statutory beneficiaries[,] and the lawyers would define and control the distribution of the 'proceeds of any judgment.' " In fact, Finley touts the importance of the contingency fee agreements in this Court's decision, conceding that "[t]he contracted rights subsume any other issue in this case and inform the court on how the Wrongful Death Act is to be interpreted."

{10} Notwithstanding the importance he has assigned to the contingency fee agreements, Finley failed to include his contingency fee agreement with Jennifer in the record before this Court. Under such circumstances, we have held that, "[u]pon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the [district] court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered." *Reeves v. Wimberly*, 1988-NMCA-038, ¶ 21, 107 N.M. 231, 755 P.2d 75.

{11} Our caselaw is clear that statutory beneficiaries of a wrongful death action have only one collective right of action rather than separate, divisible rights of action. The right of action in this context arises from the right of the deceased to bring suit; and that right is transmitted to the personal representative upon the death of the decedent. *See Lewis v. Dairyland Ins. Co.*, 1992-NMSC-031, ¶ 6, 113 N.M. 686, 831 P.2d 985. As such, the decedent's beneficiaries are not the proper plaintiffs in a wrongful death suit. *Id.* Instead, the personal representative acting on behalf of the estate is the party "entitled to recover damages on behalf of the statutory beneficiaries." *Id.*; *see Spoon v. Mata*, 2014-NMCA-115, ¶ 27, 338 P.3d 113 ("[T]he structure and purpose of the Wrongful Death Act militates against recognizing a right by statutory beneficiaries to prosecute the claim on their own behalf."). Further, "[a]s the sole party pursuing the

claims, the personal representative also has the right to choose counsel." *Spoon*, 2014-NMCA-115, ¶ 27.

{12} Indulging every presumption in favor of the correctness and regularity of the district court's decision, *Reeves*, 1988-NMCA-038, ¶ 21, the record supports the district court's finding that Plaintiffs' attorneys were the only attorneys retained to represent the Estate and thereby collect attorney fees from recovery by the Estate. Murphy was appointed as personal representative of the Estate in April 2012, without any challenge from Jennifer or Finley. In fact, Jennifer, acting on behalf of Little Andrae, consented to Murphy's appointment as personal representative, renouncing her right to appointment. The second amended complaint lists Plaintiffs' attorneys as counsel for the personal representative and for Calkin and her sons Casey and Kobe. It also identifies Finley as counsel for Jennifer on behalf of Little Andrae, and states that Little Andrae has "a separate claim for loss of consortium[.]" The record reveals that in June 2013, Plaintiffs' attorneys sent a letter to Finley in which they explicitly sought to clarify Finley's role in the representation:

> To be clear, Ms. McGraw and I represent: (a) Dennis Murphy as personal representative for the Estate . . . and (b) Lorraine Calkin, individually and as next of friend of Casey and Kobe Davis, minors. . . . It is our understanding that you only represent Jennifer . . . as next of friend of [Little Andrae], a minor. It is also my understanding that [Jennifer] intends to bring bystander claims as well as loss of consortium and loss of guidance types of claims on [Little Andrae]'s behalf.

8

> *Ms. McGraw and I are the only attorneys representing the Estate . . . .* If we are successful in a recovery for [the Estate], then Mr. Murphy will be charged with dividing the monies among the wrongful death beneficiaries pursuant to the Wrongful Death Act. It is our understanding that Casey Davis, Kobe Davis and [Little Andrae] are the only beneficiaries to [the Estate]. *Importantly, you would not be entitled to any attorney's fees from the Estate . . . for your representation of [Little Andrae].*

(Emphasis added.) Finley objected to these statements in a response letter dated July 3, 2013, requesting that the personal representative "recognize [him] as [Jennifer's] attorney on behalf of [Little Andrae,]" but conceding that he was retained "to represent the interests of [Jennifer's] minor child for damages *other than those encompassed in the wrongful death estate*," asking only "to be recognized by the personal representative as the attorney for the child as a statutory beneficiary of the wrongful death estate." At trial, Finley's explanation of his role in the case was even more limited: "My job in this case is to show what this loss is for Little Andrae, what was caused to him as far as the loss of companionship and society by this tragic event." He also notified the jury that at the end of the trial, he would ask them "to award Little Andrae $2 million for his loss of consortium claim[,]" making no mention of the wrongful death claim or Little Andrae's right to collect damages as a statutory beneficiary of the Decedent. During closing arguments, Finley identified himself simply as "the attorney for Little Andrae," acknowledging that he had been an observer throughout most of the trial because he "only had a part of it to put on."

9

Finley did not litigate the wrongful death suit at trial. He presented no evidence to the district court to suggest he acted on behalf of the Estate in the wrongful death suit. He does not point to anything in the record other than his own arguments to demonstrate that he was retained to represent the Estate. *See, e.g.*, *In re Application of Metro. Invs., Inc.*, 1990-NMCA-070, ¶ 15, 110 N.M. 436, 796 P.2d 1132 ("[A]rguments of counsel are not evidence.").

{13}    It is the district court's duty to review a request for attorney fees and determine what portion of the work done is attributable to each claim for which fees are sought. *See generally Dean v. Brizuela*, 2010-NMCA-076, ¶ 18, 148 N.M. 548, 238 P.3d 917. We review the district court's ruling on attorney fees for an abuse of discretion. *Garcia v. Jeantette*, 2004-NMCA-004, ¶ 15, 134 N.M. 776, 82 P.3d 947 ("An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances of the case." (internal quotation marks and citation omitted)). The district court explicitly found that Finley "represented [Jennifer] on the loss of consortium claim that she brought on behalf of her minor child, [Little Andrae], who is one of the statutory beneficiaries of the Estate . . . and was not retained by [Jennifer] for the purpose of representing the statutory beneficiary's interest in the Estate's wrongful death action[.]" The district court made this finding based on the pleadings, as the contingency fee agreement between Finley and Jennifer was not entered into the

record. The district court did not abuse its discretion by finding that Finley did not represent the Estate and was therefore not entitled to collect attorney fees on Little Andrae's one-third share of the Estate's total damages award.

{14} Finley's argument that because neither Plaintiffs' attorneys, nor the personal representative, have any contingency fee agreement with Jennifer or Little Andrae, they are precluded from collecting attorney fees from Little Andrae's portion of the Estate proceeds demonstrates a fundamental misunderstanding of the law. As counsel for the personal representative, the only party entitled to bring the wrongful death action on behalf of the Estate, Plaintiffs' attorneys did not need to enter into a contingency fee agreement with Jennifer or Little Andrae. Indeed, neither Jennifer nor Little Andrae had any authority to retain counsel on behalf of the Estate. *See Spoon*, 2014-NMCA-115, ¶ 27 (stating that as the sole party entitled to bring a wrongful death action, the personal representative is entitled to choose counsel). The evidence in the record reveals that at all points throughout this litigation, it was Plaintiffs' attorneys who represented Murphy in his capacity as the personal representative of the Estate in the wrongful death suit, while also representing Kobe, Casey, and Calkin on their derivative claims. As Jennifer renounced any right she may have had to serve as the personal representative of the Estate, she also gave up any right or authority to retain counsel for the Estate to prosecute the wrongful death action. Absent such

11

authority, any agreement between Jennifer and Finley to pay Finley for recovery on the wrongful death claims is of no effect. Finley is therefore not entitled to collect an attorney fee based on the Estate's judgment proceeds.

**Statutory Beneficiary's Right to Collect Net Proceeds or Gross Proceeds**

{15}     Finley seeks to circumvent Plaintiffs' attorneys' collection of fees and presumably claim his fees from Little Andrae's share of the Estate proceeds by asking the district court to order that Little Andrae's gross share of the Estate proceeds be distributed to him without any deductions for costs and attorney fees. In support of his argument, Finley points to the Wrongful Death Act, which provides, simply, that "[t]he proceeds of any judgment obtained . . . shall be distributed" to the beneficiaries in the order as set out in the Act. NMSA 1978, § 41-2-3 (2001). The Act makes no mention of gross proceeds or net proceeds. As we have previously noted, however, the personal representative has the right to choose counsel to represent the Estate on the wrongful death claim. *See Spoon*, 2014-NMCA-115, ¶ 27. The personal representative's right to choose counsel must also include the right to enter into an agreement to pay that counsel, and we note that Rule 16-105(D) NMRA expressly requires that a contingency fee agreement be in writing and provide whether expenses "are to be deducted before or after the contingent fee is calculated." Finley's failure to provide us with a complete record on appeal, namely the relevant contingency fee

12

agreements emphasizes the difficulty of addressing Finley's arguments about the deduction of costs and attorney fees from Little Andrae's share of the recovery before distribution.

{16} Nonetheless, we note that the record supports the district court's finding that there was no evidence the personal representative acted contrary to his statutory mandate regarding distribution of the judgment proceeds by treating any of the three statutory beneficiaries differently. While Finley argues that by deducting attorney fees from the Estate's proceeds prior to distributing them to the statutory beneficiaries, the personal representative improperly exercised discretion not granted by the Wrongful Death Act, he points to nothing in the record to indicate the statutory beneficiaries received disproportionate sums from the Estate proceeds or were otherwise treated unfairly.

**CONCLUSION**

{17} We affirm the district court's decision.

{18} **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

13

WE CONCUR:

_____
**LINDA M. VANZI, Chief Judge**

_____
**J. MILES HANISEE, Judge**